GEORGE L. WOODARD, ADMINISTRATOR, APPELLEE, v. HILDA F. BILLINGSLEY ET AL., APPELLANTS.

294 N. W. 793

FILED NOVEMBER 29, 1940. No. 30888.

A. H. Gutberlet and Beeler, Crosby & Baskins, for appellants.

*E. H. Evans* and *Urban Simon, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ.

SIMMONS, C. J.

This case presents the question: Did the trial court err in confirming a sale under a decree of foreclosure? The foreclosure was started in 1933, decree was entered in 1934, statutory stay was taken, sale was had in April, 1935, the bid was $2,283.09, two moratoriums were granted, the sale of 1935 was set aside, resale had in 1939, and $2,500 bid. This appeal is taken from an order confirming the second sale. As of the date of the last sale, the total due on the decree, including costs and taxes, was $3,657.24. The plaintiff waived a deficiency judgment. Witnesses with varying qualifications testified as to values from $2,560 (by the plaintiff and his witness) to $6,400 (by the defendant). There is no assurance that a subsequent sale would result in a higher bid. Under similar circumstances, this court has on many occasions declined to set aside an order of confirmation.

"An order confirming a judicial sale under a decree foreclosing a mortgage on real estate will not be reversed on appeal for inadequacy of price, when there was no fraud or shocking discrepancy between the value and sale price, and where there is no satisfactory evidence that a higher bid could be obtained in the event of another sale." *Equitable Life Assurance Society v. Buck, ante,* p. 203, 292 N. W. 605.

AFFIRMED.